IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19–CV–469–BR

| COLETTE TAYLOR, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| C R BARD INCORPORATED, and | ) | |
| BARD PERIPHERAL VASCULAR | ) | |
| INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Colette Taylor's ("plaintiff") motion to consolidate cases. (DE # 21.) Bard Peripheral Vascular Incorporated and C R Bard Incorporated ("defendants") filed a response in opposition. (DE # 25.) Plaintiff did not file a reply. This matter is now ripe for adjudication.

## I.     BACKGROUND

This motion concerns several products liability cases transferred to this district from a multidistrict litigation ("MDL") before the United States District Court for the District of Arizona—In Re: Bard IVC Filters Products Liability Litigation—regarding defendants' inferior venus cava ("IVC") filters. (Mot. Consol., DE # 21, at 2; Resp. Opp'n, DE # 25, at 2.) The MDL contained over 8,000 cases, hundreds of which were transferred to district courts across the country. (MDL Transfer Order, DE # 25-3, at 2.) When plaintiff filed her motion, a total of eight MDL cases, including her case, had been transferred to this district. (Nos. 5:19-CV-393, 395, 396, 397, 469, 470, 471, 472.) At the time of this order, 11 more MDL cases were transferred to this district, Nos. 5:20-CV-124, 125, 126, 127, 128, 129, 130, 132, 132, 133, 134,

and, of the eight original cases, four have been voluntarily dismissed, Nos. 5:19-CV-395, 396, 397, 472. This case is the sole action assigned to the undersigned.

Plaintiff moves to consolidate her case with the MDL cases initially transferred to this district. (Mot. Consol., DE # 21, at 2.) In her motion, plaintiff points to three commonalties which she contends justify consolidating these cases: (1) the actions involve the same defendants, (id. at 3); (2) the same IVC filters were used and caused similar injuries, (id. at 3–4); and (3) questions of law, namely the scope of discovery and admissibility of expert testimony, are "nearly identical in all cases," (id. at 4). In response, defendants oppose consolidation based on (1) factual differences among plaintiffs, (Resp. Opp'n, DE # 25, at 10–11, 15–16); (2) differing models of IVC filters, (id. at 11); (3) differing state laws to be applied, (id. at 13); and (4) prejudice to Bard at trial, (id. at 16–20). Defendants also emphasize that the MDL cases were previously consolidated and that there is no longer any benefit from centralized proceedings. (Id. at 12; see also MDL Transfer Order, DE # 25-3, at 2–3.) Additionally, defendants rely on subsequent authority from Judge Karen Scholer in the Northern District of Texas who denied another MDL plaintiff's motion to consolidate the three cases pending before that district. (See Notice, DE # 26-1, at 2 (denying consolidation because each plaintiff had unique preexisting medical conditions, failure modes, and implanting and treating physicians).)

## II. DISCUSSION

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may. . . consolidate the actions." Fed. R. Civ. P. 42(a); see also Local Civ. R. 40.3 (2019) (finding that cases may be related when they call for a determination of the same or substantially related or similar questions of law and fact).

> [P]roper application of Rule 42(a) requires the district court to determine whether the specific risks of prejudice and possible confusion from consolidation were

2

> overborne by the risk of inconsistent adjudications. . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Campbell v. Bos. Sci. Corp., 882 F.3d 70, 74 (4th Cir. 2018) (citing Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) (internal quotation marks omitted)). District courts have broad discretion in determining whether cases should be consolidated under Rule 42(a). See e.g., A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977); accord R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 959 (4th Cir. 1999); McCoy v. Biomet Orthopedics, LLC, No. CV ELH-12-1436, 2019 WL 6324558, at *5 (D. Md. Nov. 25, 2019) ("Notably, the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation."). "Policies of judicial economy generally favor the consolidation of related actions." Quillen v. Guttman, No. CIV. RDB 09–1986, 2010 WL 1416122, at *2 (D. Md. Apr. 5, 2010) (citing Coyne & Delaney Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir. 1996)); see also Campbell, 882 F.3d at 74 (judicial economy considers whether separate trials would be "largely repetitive" and thus, implicating burden, delay, and expense on the judicial system).

Of the remaining four MDL cases initially transferred here, the cases involve the application of different, and likely distinct, state law, different IVC filters, different implanting and treating physicians, and a variety of alleged device failures, including fracture, organ perforation, IVC perforation, un-retrievable device, and tilt. (See Summary Chart, DE # 25-1, at 2 (summarizing information from plaintiff's second amended master short form complaints); see also DE # 25-2.) While the defendants are the same in each action, these articulated differences, in fact and applicable law, have significant potential for jury confusion. Further, although plaintiff contends that expert witnesses and scope of discovery are identical in each of these four

3

cases, the fact witnesses, including plaintiffs and physicians, are all different, thereby limiting any expediency gained by consolidation.

Additionally, judicial economy is not served by consolidating these four cases because at least eight other MDL cases remain in this district unconsolidated. If those eight cases had been included in this motion to consolidate, any potential mitigated burden, delay, and expense on the judicial system would be outweighed by potential jury confusion and prejudice to defendants because a wider variety of facts and witnesses would be germane to this court's analysis.

### III.    CONCLUSION

Based upon the foregoing reasons, plaintiff's motion to consolidate cases is DENIED. This 17 August 2020.

_____

W. Earl Britt
Senior U.S. District Judge